IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| R. B., ON BEHALF OF THEMSELVES, AND AS PARENTS/GUARDIANS/NEXT FRIENDS OF C.B., A MINOR STUDENT WITH DISABLITIES; AND S.R. B., ON BEHALF OF THEMSELVES, AND AS PARENTS/GUARDIANS/NEXT FRIENDS OF C.B., A MINOR STUDENT WITH DISABLITIES,<br><br>*Plaintiffs,*<br><br>vs.<br><br>NORTH EAST ISD,<br><br>*Defendant.* | §§§§§§§§§§§§§§§§§ | SA-20-CV-01441-JKP |

## ORDER

Before the Court in the above-styled cause of action are the following motions: Plaintiffs' Opposed Daubert Motion to Exclude Defendant's Expert Report of Dr. Brian Kelly [#25], Plaintiffs' Opposed Daubert Motion to Exclude Defendant's Expert Report of Mr. Jose Martin [#26], Defendant/Counter-Plaintiff North East ISD's Daubert Motion to Strike the Testimony of Plaintiffs/Counter-Defendants' Experts Dr. Laura Eskridge and Dr. Janette Hahn [#27], Defendant North East Independent School District's Objection and Motion to Strike Plaintiffs' Reply in Support of Motion to Exclude Jose Martin Expert Report [#42].

The Court held a hearing on the motions on November 12, 2021, at which all parties appeared through counsel via videoconference. At the close of the hearing, the Court issued certain preliminary oral rulings, which it now memorializes with this written Order. For the reasons that follow, the Court will deny Plaintiffs' *Daubert* motions as to Dr. Kelly and Mr.

Martin, deny Defendant's *Daubert* motion as to Drs. Eskridge and Hahn, and dismiss Defendant's motion to strike Plaintiffs' reply as moot.

## I.  Background

This case arises out of an administrative decision by the Texas Education Agency regarding Plaintiffs' minor daughter, C.B.  Plaintiffs have sued North East ISD ("NEISD"), the school district responsible for implementing the Individuals with Disabilities Education Act ("IDEA") as to C.B.  By this suit, Plaintiffs appeal the administrative decision and ask this Court to find C.B. entitled to special education services under the IDEA.  Plaintiffs also assert claims against NEISD under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and Texas education law and seek $155,000 in damages for private placement costs for C.B. that they claim are continuing to accrue.

Plaintiffs' Complaint also seeks attorneys' fees and recoverable costs related to the administrative proceedings and this litigation.  Plaintiffs argue that, although they are appealing an adverse administrative decision, they prevailed in part at the administrative level because the hearing officer concluded that NEISD violated the IDEA by failing to timely evaluate C.B. for special education services and ordered NEISD to pay for an independent educational evaluation and to meet with Plaintiffs to discuss C.B.'s IDEA eligibility.  NEISD has filed a counterclaim, seeking to overturn this part of the administrative decision.

The ordered independent educational evaluation was completed by Dr. Laura Eskridge, who has also been designated as an expert by Plaintiffs.  Dr. Eskridge's report finds that C.B. meets the criteria for special education services as a student with "other health impairment" based on her diagnosis of ADHD and as a student with emotional disturbance.  (Eskridge Report [#27-2], at 4–5.)  Based on her eligibility for services under the IDEA, Dr. Eskridge recommends

that compensatory services be considered for C.B., including therapeutic support outside the school district. (*Id.*)

There are cross motions for summary judgment pending before the District Court, and the parties have filed cross motions to strike one another's experts, which are currently pending before the undersigned. The parties requested a ruling on the *Daubert* motions prior to the District Court's resolution of the summary judgment motion, as their motions rely on the expert reports at issue.

## II.  Legal Standard

The parties categorize their motions as arising under the standards set forth in Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993). In *Daubert*, the Supreme Court held that trial judges must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. Subsequent to *Daubert*, Rule 702 of the Federal Rules of Evidence was amended to provide that a witness "qualified as an expert . . . may testify . . . in the form of an opinion . . . if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *See Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting Fed. R. Evid. 702). The Rule 702 and *Daubert* analysis applies to all proposed expert testimony, including nonscientific "technical analysis" and other "specialized knowledge." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the expert testimony. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998).

Under *Daubert*, expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *See id.* at 276; *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). Notwithstanding the testing of an expert's qualification, reliability, and admissibility, "the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702, Adv. Comm. Notes (2000). *Daubert* did not work a "seachange over federal evidence law," and "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." *Id.* (quoting *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1078 (5th Cir. 1996)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

*Daubert* arose in the context of jury trials and out of the Supreme Court's desire to protect juries from unqualified experts and junk science. The need for a gatekeeper is substantially less where the judge serves as both factfinder and evaluator of the evidence's reliability, as is the case in bench trials and certain evidentiary hearings. *See Williams v. Illinois*, 567 U.S. 50, 69 (2012) ("When the judge sits as the trier of fact, it is presumed that the judge will understand the limited reason for the disclosure of the underlying inadmissible information and will not rely on that information for any improper purpose."); *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) (finding the standards announced in Daubert "are not as essential in a case . . . where a district judge sits as the trier of fact in place of a jury").

### III.  Analysis

Plaintiffs' primary claim in this case is an appeal of an administrative decision by a special education hearing officer under the IDEA, for which Plaintiffs are not entitled to a jury.

*See* 20 U.S.C. § 1415(i)(2). By statute, any party aggrieved by the findings and decision of the hearing officer has the right bring a civil action in state or federal court. *Id.* The court presides over the appeal and "shall receive the records of the administrative proceedings"; "shall hear additional evidence at the request of a party"; and "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." *Id.* The District Court, here Judge Pulliam, will evaluate the administrative record in Plaintiffs' appeal, decide the scope of any additional evidence to consider, consider that evidence, and render a decision. Plaintiffs do, however, request a jury to preside over their claims arising under the ADA and Section 504 of the Rehabilitation Act. NEISD seeks summary judgment on all of Plaintiffs' claims. Plaintiffs seek summary judgment on their IDEA appeal and ask the Court to find C.B. a qualified individual with a disability and set Plaintiffs' ADA and Rehabilitation Act claims for trial.

Having considered the parties' motions and the procedural posture of this case, the undersigned declines to limit the evidence presented to the District Court in the parties' summary judgment motions or presented to the District Court at an evidentiary hearing, if the District Court decides to consider more evidence. The parties have satisfied their respective burdens to demonstrate that their designated experts are qualified and that their methodologies are sufficiently reliable.

**Dr. Kelly.** Plaintiffs ask the Court to exclude Dr. Brian Kelly, NEISD's designated counter-expert on C.B.'s entitlement to special education services. Plaintiffs argue that Dr. Kelly is a biased expert, not qualified to render his opinions, and that his report contains conclusions not supported by a reliable methodology. Plaintiffs' motion lacks merit.

Dr. Kelly has been designated as an expert but primarily provides his opinions as a fact witness familiar with this case in his role as the Director of Psychological Services and Child Find for NEISD.  Dr. Kelly holds a Doctorate of Philosophy in Educational Psychology and is nationally certified as a school psychologist and licensed as a specialist in school psychology. (Kelly C.V. [#25-1], at 11.)  Plaintiffs do not dispute these qualifications but instead argue that the District Court should not consider Dr. Kelly's report as "additional evidence" in the IDEA appeal because he did not testify in the administrative proceedings.  This is a discretionary decision for the District Court to make in the context of the motions for summary judgment and/or evidentiary hearing.  Moreover, the District Court is capable of weighing the evidence to resolve the dispute over whether Dr. Kelly, as an employee of NEISD, is biased.

Plaintiffs have also not raised any true reliability concerns with Dr. Kelly's methodology. Their reliability arguments instead challenge Dr. Kelly's conclusions based on a dispute over the proper interpretation of the IDEA.  Plaintiffs do not agree with Dr. Kelly's opinion that a school district's "Child Find" obligations are only triggered where a child presents significant and consistent evidence of impairment within the school setting.  This is a merits issue regarding the evidentiary standard applicable under the IDEA that should not be addressed through a motion to strike an expert.  It is also an issue of law that the District Court will resolve.

**Mr. Martin.**  Plaintiffs argue that Mr. Jose Martin, NEISD's expert on attorney's fees, is also unqualified to issue opinions on the reasonableness of requested attorney's fees and his methodology is outdated because he relies on a fact sheet on median hourly rates from 2016. The Court will deny the motion.

Mr. Martin is qualified to provide expert testimony on the reasonableness of Plaintiffs' requested attorney's fees.  He is an attorney licensed in Texas specializing in IDEA law.

Additionally, he has not attempted to support his opinions with unreliable scientific methods. Plaintiffs take issue with Mr. Martin's reliance on outdated rate schedules and argue he is no longer in active practice. The District Court is more than qualified to evaluate the reasonableness of requested attorney's fees, apply the governing law, and consider (or decline to credit) Mr. Martin's opinion in doing so. Because the Court is denying Plaintiffs' motion as to Mr. Martin, the Court will also dismiss as moot NEISD's motion to strike Plaintiffs' reply in support of their motion.

**Dr. Eskridge.** NEISD asks the Court to exclude the report of Dr. Eskridge. NEISD contends that Dr. Eskridge's report is unreliable. As Plaintiffs pointed out at the Court's hearing, Dr. Eskridge's report at issue was ordered by the special education hearing officer and paid for by NEISD. The parties agreed on the selection of Dr. Eskridge for the independent evaluation of C.B. post-administrative hearing decision. The Court will not exclude this report from the record. NEISD's concerns that Dr. Eskridge issued a results-driven report that ignored critical data have been addressed by Dr. Kelly and in NEISD's motion for summary judgment. The District Court is capable of evaluating the report of Dr. Eskridge for potential bias, just as it will evaluate Dr. Kelly's opinions.

**Dr. Hahn.** Finally, NEISD also asks the Court to strike the report of Dr. Janette Hahn, Plaintiff's rebuttal expert who is designated to contest various opinions in Dr. Kelly's report. NEISD argues that Plaintiffs have designated Dr. Hahn not as a true rebuttal expert but in an attempt to insert additional opinions in this suit that were not addressed in Dr. Kelly's report, but that they should not be allowed to do so because Dr. Hahn was not timely designated as a primary expert. This argument regarding the scope of Dr. Hahn's report is not a true *Daubert* challenge and does not raise any concerns regarding Dr. Hahn's qualifications or the reliability

of her opinions. To the extent that Dr. Hahn's report contains opinions that are outside the scope of rebuttal, the District Court may disregard them or take any other step it deems appropriate, including but not limited to considering the opinions but providing NEISD an opportunity to designate a rebuttal expert.

**IT IS THEREFORE ORDERED** that Plaintiffs' Opposed Daubert Motion to Exclude Defendant's Expert Report of Dr. Brian Kelly [#25] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Opposed Daubert Motion to Exclude Defendant's Expert Report of Mr. Jose Martin [#26] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant/Counter-Plaintiff North East ISD's Daubert Motion to Strike the Testimony of Plaintiffs/Counter-Defendants' Experts Dr. Laura Eskridge and Dr. Janette Hahn [#27] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant North East Independent School District's Objection and Motion to Strike Plaintiffs' Reply in Support of Motion to Exclude Jose Martin Expert Report [#42] is **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that nothing in this Order limits or affects what Judge Pulliam may consider or disregard in the context of the pending cross motions for summary judgment, and all of these rulings are without prejudice to raising these arguments before Judge Pulliam in the context of any evidentiary hearing or to support a motion in limine, if any of Plaintiffs' claims go before a jury.

SIGNED this 15th day of November, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE